IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TERINTHIUS R. GILES,
    Petitioner,

vs.                                              Case No. 5:11cv77/RS/EMT

KENNETH S. TUCKER,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 5). Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (doc. 15). Petitioner was provided an opportunity to respond to the motion, but he declined to do so (*see* doc. 16).

This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b). After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.    BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is established by the state court record (doc. 15, Exhibits).[1] On February 28, 2006, Petitioner was charged in the Circuit Court in and for Jackson County, Florida, Case No. 2006-CF-0096, with one count of second degree murder with a firearm (Ex. C). Petitioner pled nolo contendere to the charge, pursuant to a written plea agreement (Ex. F at 55–68), and was adjudicated guilty and sentenced on March 21, 2006, to life imprisonment with pre-sentence credit of 67 days (Ex. D). Petitioner did not appeal the judgment (*see* Ex. A).

On March 19, 2007, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. F at 1–17). The state court summarily denied the motion in an order rendered January 3, 2008 (*id.* at 149–53). Over two years later, on April 8,

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's answer (doc. 15). If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

2010, Petitioner filed a petition for belated appeal in the Florida First District Court of Appeal ("First DCA") (*id.* at 154–59). On September 13, 2010, the First DCA granted Petitioner leave to file a belated appeal of the circuit court's order (*id.* at 264). Giles v. State, 45 So. 3d 70 (Fla. 1st DCA 2010). The First DCA then affirmed the circuit court's decision per curiam without written opinion, with the mandate issuing March 22, 2011 (Exs. I, J). Giles v. State, 54 So. 3d 976 (Fla. 1st DCA 2011) (Table).

Petitioner filed the instant habeas action on March 16, 2011 (doc. 1 at 1).

II   ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Respondent contends the appropriate statutory trigger for the federal limitations period in this case is § 2244(d)(1)(A), the date on which the judgment of conviction became final by the conclusion of direct appeal (doc. 15 at 5). Petitioner does not argue that a different statutory trigger for the federal limitation period applies. Therefore, the undersigned concludes the federal limitation period began to run on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

The judgment and sentence in Petitioner's case was rendered March 21, 2006 (Ex. D). That judgment became final thirty (30) days later, on April 21, 2006.[2] *See* Bridges v. Johnson, 284 F.3d

---

[2] According to the Florida rules governing appeal proceedings in criminal cases, Petitioner had thirty (30) days following rendition of the order imposing sentence to file a notice of appeal. In the instant case, the written order imposing the judgment and sentence was rendered on March 21, 2006. *See* Fla. R. App. P. 9.020(h) (order is rendered

1201, 1202 (11th Cir. 2002) (holding that where petitioner did not seek direct review of his judgment of conviction or sentence, his judgment of conviction (entered upon his guilty plea) became "final" for purposes of § 2244 on the date his 30-day right to appeal expired); <u>Hampton v. State</u>, 837 So. 2d 611 (Fla. 5th DCA 2003 (when defendant did not directly appeal his conviction, the judgment and sentence became final 30 days after they were rendered); <u>Davis v. State</u>, 693 So. 2d 700 (Fla. 2d DCA 1997) (judgment and sentence become final when 30-day period to file notice of appeal expires); <u>Gust v. State</u>, 535 So. 2d 642 (Fla. 1st DCA 1988) (if defendant does not appeal the conviction or sentence, judgment becomes final when the 30-day period for filing direct appeal expires). Petitioner had one year from that date, or until April 21, 2007, to file his § 2254 petition. *See* <u>Downs v. McNeil</u>, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing <u>Ferreira v. Sec'y, Dep't of Corr.</u>, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)). Petitioner did not file his federal petition on or before that date; therefore, it is untimely unless tolling principles apply and render it timely.

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). In the instant case, Petitioner filed a tolling motion (his Rule 3.850 motion) on March 19, 2007, after 332 days of the federal limitations period expired. The limitations period was tolled until February 3, 2008, the date his 30-day right to appeal the state circuit court's order expired. The federal limitations period expired 33 days later, on March 8, 2008. Any post-conviction applications filed by Petitioner after that date, including his petition for belated appeal

---

when signed, written order is filed with clerk of lower tribunal). The day the order was rendered is excluded from the 30-day calculation; therefore, the period for seeking an appeal began to run on March 22, 2006. *See* Fla. R. App. P. 9.420(f). Thirty (30) days from that date was April 21, 2006.

Case No.: 5:11cv77/RS/EMT

filed April 8, 2010, did not qualify for statutory tolling.[3] *See* Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000).

Petitioner filed the instant federal petition on March 16, 2011, more that three years after the federal limitations period expired (*see* doc. 1). Therefore, the instant petition was untimely. Petitioner has not shown that any tolling principles apply, or that he is entitled to federal review under any other exception to the time bar. Therefore, the § 2254 petition should be dismissed with prejudice as time-barred.

III. CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is

---

[3] The Supreme Court held in Jiminez v. Quarterman, 555 U.S. 113, 129 S. Ct. 681, 172 L. Ed. 2d 475 (2009) that "where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)." 555 U.S. at 121. In that limited circumstance, the judgment becomes final at the conclusion of the out-of-time direct appeal or expiration of the time for seeking review of that appeal. *Id.* Neither the plain language of § 2244(d)(2) nor Supreme Court precedent extends this principle to out-of-time or belated appeals of collateral attacks. *See* Melancon v. Kaylo, 259 F.3d 401, 407 (5th Cir. 2001); Gibson v. Klinger, 232 F.3d 799, 807 (10th Cir. 2000); Fernandez v. Sternes, 227 F.3d 977, 979 (7th Cir. 2000); *see also, e.g.*, Neal v. Secretary, Dep't of Corr., No. 07-10272, 271 Fed. Appx. 893, 896, 2008 WL 833915, at *3 (11th Cir. Mar. 28, 2008) (unpublished) (because Neal filed his petition for a belated appeal after his one-year limitation expired, the district court did not err denying Neal statutory tolling under 28 U.S.C. § 2244(d)(2) while the petition for a belated appeal of his second Rule 3.850 motion was pending); McMillan v. Secretary for Dep't of Corr., No. 05-14202, 257 Fed. Appx. 249, 252–53, 2007 WL 4258652, at *3 (11th Cir. Dec. 6, 2007) (unpublished) (habeas petitioner was not entitled to statutory tolling of the limitations period during a 95-day period between the date a state court's denial of his post-conviction motion became final and the date he filed his motion for a belated appeal; regardless of the state court's later actions granting his petition for belated appeal and stating that its order was to be filed as a new notice of appeal, there was nothing filed in state court during that 95-day period, and thus, there was nothing "pending" for those 95 days); Ilarion v. Crosby, No. 05-15358, 179 Fed. Appx. 653, 654, 2006 WL 1208057, at *1 (11th Cir. May 5, 2006) (unpublished) (period during which no post-conviction application is pending is not tolled because statutory tolling period only encompasses periods during which there is a properly filed application); Jackson v. McNeil, No. 4:09cv404/MMP/MD, 2009 WL 3052132, at *3 n.4 (N.D. Fla. Sept. 22, 2009) (unpublished); Laster v. McDonough, No. 3:07cv37/MCR/EMT, 2007 WL 4370302, at *6 (N.D. Fla. Dec. 10, 2007) (unpublished); Simmons v. McDonough, No. 4:06cv245/MMP/WCS, 2007 WL 1308678, at *4 (N.D. Fla. May 3, 2007) (unpublished).

Case No.: 5:11cv77/RS/EMT

an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.	That Respondent's motion to dismiss (doc. 15) be **GRANTED**.

2.	That the amended petition for writ of habeas corpus (doc. 5) be **DISMISSED** with prejudice as untimely.

3.	That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 30th day of November 2011.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**